NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| CLARENCE S., | ) |
| | ) Supreme Court No. S-17631 |
| Appellant, | ) |
| | ) Superior Court No. 3PA-17-01592 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| SAMANTHA S., | ) AND JUDGMENT* |
| | ) |
| Appellee. | ) No. 1790 – September 23, 2020 |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Kristen C. Stohler, Judge.

Appearances: Clarence S., pro se, Wasilla, Appellant. Notice of nonparticipation filed by Darryl L. Jones, Jones & Associates, LLC, Palmer, for Appellee Samantha S.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices.

## I. INTRODUCTION

A father appeals the superior court's determination that he perpetrated domestic violence and the court's subsequent award of legal and physical custody to his children's mother. He also challenges the child support order. For the reasons below, we affirm the superior court's decision.

---

\* Entered under Alaska Appellate Rule 214.

## II.   FACTS AND PROCEEDINGS

Samantha and Clarence S.[1] married in June 2008, separated in March 2017, and divorced in February 2018.  They have three children.

From June 2017 through July 2019, under an interim custody order, Clarence and Samantha shared legal and physical custody.  In October 2019 the superior court issued a final custody decree.  The superior court found that Clarence had committed multiple acts of domestic violence, triggering the AS 25.24.150(g)[2] presumption against custody, and that therefore Clarence could be granted only supervised visitation.  The superior court awarded Samantha sole legal custody and primary physical custody.  The superior court allowed for a modification hearing upon Clarence's completion of a state-certified domestic violence intervention program and a 12-week in-person parenting course.

The superior court also addressed the issue of child support, which had previously been contested and therefore held in abeyance.  The superior court calculated child support according to Alaska Civil Rule 90.3 and issued two separate orders:  one for the time period in which physical custody had been split equally, and one for the period in which Samantha had and would continue to have primary physical custody.

Clarence appeals.

---

[1]   We use initials in lieu of the parties' last names to protect the family's privacy.

[2]   AS 25.24.150(g) states, "There is a rebuttable presumption that a parent who has a history of perpetrating domestic violence against the other parent, a child, or a domestic living partner may not be awarded sole legal custody, sole physical custody, joint legal custody, or joint physical custody of a child."

## III. STANDARD OF REVIEW

"We will reverse a superior court's custody and visitation determination 'only if the superior court has abused its discretion or if its controlling findings of fact are clearly erroneous.' "[3] " '[W]e review de novo whether a superior court's findings satisfy the requirements' of statutes and rules."[4]

## IV. DISCUSSION

### A. The Superior Court Did Not Err By Finding That Clarence Committed Multiple Acts Of Domestic Violence.

Clarence argues that the court erred first by finding that he had committed multiple acts of domestic violence and then by applying the AS 25.24.150(g) presumption against custody and awarding him only supervised visitation. But the finding is not clearly erroneous, and the finding triggered the statutory presumption.

Factual findings are clearly erroneous "only when a review of the entire record leaves us 'with a definite and firm conviction that a mistake has been made.' "[5] In making factual findings regarding Clarence's perpetration of domestic violence, the superior court carefully analyzed substantial evidence that suggested Clarence had assaulted Samantha, his new wife Marissa, and the children on various occasions. Multiple witnesses testified to having directly observed or experienced Clarence's

---

[3] *Timothy W. v. Julia M.*, 403 P.3d 1095, 1100 (Alaska 2017) (quoting *Osterkamp v. Stiles*, 235 P.3d 178, 183 (Alaska 2010)).

[4] *Id.* (quoting *Dale H. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 235 P.3d 203, 210 (Alaska 2010)).

[5] *David S. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 270 P.3d 767, 774 (Alaska 2012) (quoting *S.H. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 42 P.3d 1119, 1122 (Alaska 2002)).

abusive, violent behavior and excessive discipline.[6]  There is no clear error in the superior court's factual findings regarding Clarence's status as a domestic violence perpetrator.

Alaska Statute 25.24.150(g)-(h) clearly states that a finding that a parent committed more than one act of domestic violence against the children, the other parent, or an intimate partner triggers a presumption against awarding that parent custody.  As a result of its finding that Clarence had perpetrated "multiple acts of domestic violence," the superior court concluded that the presumption against custody applied and that Clarence would be limited to supervised visitation until he rebutted the presumption. Because a finding of a history of domestic violence triggers the AS 25.24.150(g) presumption against custody, the superior court's application of the statutory presumption was proper.[7]

B.     **Arguments Not Raised At Trial Are Waived.**

Clarence also challenges the superior court's decision not to appoint a custody investigator.  He also alleges that the superior court committed various

---

[6]     Marissa testified that Clarence had been physically and verbally abusive during the time that she lived with him.  A friend and former roommate of both Samantha and Clarence testified that he had observed Clarence's excessive discipline and abusive and controlling behavior.  Samantha testified that while she had been married to Clarence, he had physically abused her and his oldest daughter.  Clarence also presented witnesses.  However, we do not reweigh the relative credibility of witnesses or overrule superior court determinations regarding the relative merit of evidence. *Timothy W.*, 403 P.3d at 1100.

[7]     The statutory presumption is sufficient to support the custody award. Clarence also challenges the superior court's evaluation of the AS 25.24.150(c) custody factors.  We conclude that the superior court's final custody order clearly reflects detailed consideration of the relevant statutes, the relevant evidence, and an appropriate balancing of the custody factors.

evidentiary errors. Clarence's attorney did not raise these questions at trial.[8] "[W]e will not consider issues on appeal that were not raised below absent plain error, which exists 'where an obvious mistake has been made which creates a high likelihood that injustice has resulted.' "[9] We see no plain error or obvious mistake in this case.

C. **The Superior Court's Child Support Order Was Not A Retroactive Modification.**

Clarence argues that the superior court erred in entering an order after the custody trial that required him to retroactively pay child support since the date that he and Samantha separated. Rule 90.3(h)(2) prohibits the retroactive *modification* of a child support award, except as allowed by statute. However, no initial child support award had been issued — the superior court explicitly held child support in abeyance until trial.[10] Therefore, the award was not a retroactive modification prohibited by Rule 90.3: There was no underlying order to modify.

V. **CONCLUSION**

We AFFIRM the superior court's custody and child support determinations.

---

[8]     Clarence argues that the superior court committed evidentiary errors by "allowing [witnesses] to commit perjury," "allowing discredited witnesses to testify," and prioritizing alleged "hearsay" over "professional witness[] testimony" and "actual physical evidence." Clarence also argues that the superior court "assigned disproportionate weight to particular unsupported testimony while ignoring other factors." However, Clarence did not make any attempts to introduce impeachment evidence or make hearsay objections. And Clarence's attorney had the opportunity to cross-examine each of the witnesses who Clarence now argues were not credible.

[9]     *Kinnan v. Sitka Counseling*, 349 P.3d 153, 160 (Alaska 2015) (quoting *David S.*, 270 P.3d at 774).

[10]     We have noted the use of abeyance as a tool to postpone issuing child support awards until adequate fact finding can occur. *See R.I. v. C.C.*, 9 P.3d 274, 276 (Alaska 2000) (noting that superior court could issue interim custody order but hold in abeyance ruling on child support until completion of investigation and hearing).